CHARLES R. HICKS, Respondent, v. AUGUSTUS D. BEEDLE, Appellant.

Kansas City Court of Appeals, Feburary 2, 1903.

1. **Bills and Notes:** EXTENSION: FORECLOSURE: REDEMPTION: DEFENSE. A transaction in connection with the payment of interest and providing when the past due note as well as certain special taxes should be paid, is held to be an extension of the time of payment; and a foreclosure prior to the agreed date of payment of the note was illegal as to the indorsee and holder of the note, and if he held the land under the foreclosure sale it could be redeemed; and since he had conveyed it the value of the land at the time of the foreclosure could be set off against the note if it equaled or exceeded the amount remaining due.

2. ——: ——: ——: STRANGER. The grantee of the mortgaged land who did not assume the note has a right to make a contract extending the time of payment of the note, and such contract will bind a subsequent indorsee of the note.

Appeal from Jackson Circuit Court.—*Hon. James Gibson*, Judge.

REVERSED AND REMANDED.

*L. T. Collier* for appellant.

(1) The court erred in refusing defendants' evidence offered to show that the consideration of the trustee's deed to Hicks (to-wit, $700), was grossly inadequate, and also in refusing to permit defendant to prove that the property in question was sold by Hicks soon after his purchase for $2,000. Hardwicke v. Hamilton, 121 Mo. 465; Montgomery v. Miller, 131 Mo. 599; Stoppel v. Schroeder, 62 Mo. 147; Kelly v. Hunt, 61 Mo. 463. (2) The court erred in refusing defendant's instructions and in giving the instruction directing the jury to find for plaintiff. Orrick v. Durham, 79 Mo. 174; 24 Am. and Eng. Ency. 275-6, and authorities there cited; Fisher v. Stephens, 143 Mo. 190; Smith v. Stephens, 164 Mo. 423; Gouch v. Hollan, 30 Mo. App. 454; Kuhl v. Meyer, 42 Mo. App. 481; Koehring v. Muemminghoff, 61 Mo. 403; Eitelgeorge v. House Building Ass'n, 69 Mo. 55. (3) There was no proof of the assignment of the note set out in the petition, or of the indorsements thereon. Bank v. Donnell, 35 Mo. 373; Bank v. Pennington, 42 Mo. App. 355. The admission taken from defendant's answer and read by plaintiff to prove his case, was not the best evidence, nor does it meet or sustain the allegations of the petition. Wynne v. Aubuchon, 23 Mo. 30; Washington Co. v. Railroad, 58 Mo. 372.

*Ralph E. Scofield* for respondent.

ELLISON, J.—This is an action for a balance alleged to be due on a promissory note. The court gave a peremptory instruction for plaintiff and judgment being entered, defendant has appealed.

The note was originally given by Mary B. and James I. Gray to Henry Rogers for the sum of $1,600, and was secured by deed of trust on real estate. Plaintiff alleges that the note was thereafter sold and indorsed to him by Rogers. It seems that the Grays sold the land on which they had given the deed of trust to the defendant who assumed the payment of the note, by a statement to that effect in the deed. Defendant then sold the land to Leona Beedle, who sold it to Sarah Hayward, who sold to Dreyfus, who sold to Campie Dennis. Neither of these grantees after defendant, assumed the payment of the note.

Dennis paid interest to plaintiff and took from him what is claimed to be an extension of time on the note. The paper reads as follows:

"Feb. 11, 1901.

"Rec'd M. A. Dennis seventy-one dollars to pay interest to Dec. 9, 1900, on note of Mary B. Gray, secured by deed of trust on lot 72 and east 7 feet lot 71, block 4, Whipple's 1st Add.

"It is understood that the note is to be paid in full June 9, '01, and that by March 15, '01, the third installment of paving tax is to be paid.

"CHAS. R. HICKS."

It was not shown that defendant consented to this.

The property was sold for $700 before June 9, 1901, plaintiff being the purchaser. Defendant offered to prove that the property was worth $2,500, and that plaintiff soon after buying it in, sold it for $2,000. This offer was refused.

The note on its face drew nine per cent interest from date and ten per cent after maturity. Time of payment was extended at various times and the rate of

interest was reduced to seven per cent on some extensions and eight per cent on others, until the above receipt was given, when plaintiff himself admits that at that time the rate was agreed to be ten per cent, and he accepted one dollar as interest on the interest from the date it should have been paid.

Plaintiff introduced no evidence of the assignment of the note other than the mere indorsement on the back thereof.

When Dennis paid the interest evidenced by the foregoing receipt, agreed to pay ten per cent and the additional one dollar, and had incorporated in such receipt that the note was "to be paid in full June 9, 1901, and that by March 15, 1901, the third installment of paving tax is to be paid," he thereby secured a valid agreement to extend the time of payment of the note to June 9. The consideration was ample.

A valid agreement extending the time for payment of the note was necessarily an agreement which prevented a sale under the deed of trust securing the note. A sale under the deed of trust was, therefore, unauthorized and illegal as far as Hicks was concerned. He had no right to violate that agreement; and if the land was still in his hands it would be subject to redemption. But having passed out of his hands by his subsequent conveyance, the defense offered by defendant and refused by the court that the land was clearly worth more than the note, should have been allowed. If that be found as a fact it ought to defeat an action on the note.

It is suggested that as the agreement to extend, evidenced by the receipt aforesaid, was made with Dennis, a stranger to the note, it was non-effective. But Dennis was the owner of the land on which the note was secured, and while he had not assumed payment of the note, he had a right to protect his land by paying interest and deferring a foreclosure of the deed of trust.

The judgment is reversed and cause remanded. All concur.